FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 18, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CATHERYN FIELDS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER ROBIN MCCROSKEY, PRO TEM BARRETT SCUDDER, PEND ORIELLE COUNTY, and DUSTY ROCKFORD BUTLER SR.,<br><br>　　　　Defendants. | No. 2:25-CV-00201-SAB<br><br>**ORDER DENYING EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION; DISMISSING COMPLAINT** |

　　　Before the Court is Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction, ECF No. 4. The motion was heard without oral argument. Plaintiff is representing herself in this matter. On June 10, Plaintiff was granted *in forma pauperis* status. ECF No. 6.

　　　Plaintiff filed her Complaint in the U.S. District Court for the Eastern District of Washington on June 10, 2025. ECF No. 1. Plaintiff asserts Defendants unlawfully obstructed her access to the courts and chilled her ability to challenge an adverse judgment in violation of the First and Fourteenth Amendments. She maintains the judgment of $2,145 that was entered against her in Pend Oreille County District Court was rendered through a procedurally defective process.

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER / PRELIMINARY INJUNCTION; DISMISSING ACTION ~ 1**

Plaintiff asserts: (1) Defendant Butler failed to serve her with a valid notice; (2) Defendant Pro Tem Judge Scudder erroneously found that both parties had validly served one another; (3) Defendant Commissioner McCroskey, in appointing Pro Tem Judge Scudder, circumventing judicial disqualification procedures; and (4) because she lacked a valid service address for Mr. Butler, she was denied the procedural tools necessary to appeal.

Plaintiff alleges that Defendant Commissioner McCroskey engaged in improper judicial conduct and evidenced judicial bias.

Plaintiff asserts Defendant Dusty Butler committed the following: (1) harassed her and came onto her property without invitation with the clear purpose of asserting false claims of tenancy and intimidating Plaintiff; (2) weaponizing the legal system to harass her and (3) engaged in a sustained campaign of fraudulent misrepresentation and procedural abuse designed to dispossess Plaintiff of her property, undermine her credibility in the court and create the appearance of a legitimate tenancy where none ever existed.

She alleges Butler's actions were encouraged and facilitated by officials in Pend Oreille County, including Commissioner McCroskey.

Plaintiff maintains she never entered into a rental agreement with Defendant Butler, yet Mr. Butler declared a fraudulent tenancy through USPS address filings, police statements, court pleadings, and fraudulent judicial authentication.

Plaintiff asserts she was subjected to a disparate treatment, hostile courtroom conditions, and systematic judicial disadvantage by Commissioner McCroskey and Judge Scudder, Pro Tem, during legal proceedings in Pend Oreille County District and Superior Courts. She states the judges acted under color of state law and engaged in intentional discrimination, unequal application of legal standards and retaliation against Plaintiff for asserting her rights in violation of both federal and state guarantees of equal protection and impartial justice.

Finally, she alleges Defendants violated her First Amendment rights in

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER / PRELIMINARY INJUNCTION; DISMISSING ACTION ~ 2**

retaliation for her exercising her constitutional rights.

Plaintiff is seeking a declaratory judgment that her rights were violated, compensatory and punitive damages for emotional and financial harm and injunctive relief to prevent future constitutional violations.

**1. Plaintiff's Motion for Temporary Restraining Order / Preliminary Injunction**

### Motion Standard

In reviewing a Motion for Restraining Order / Preliminary Injunction, the court must determine whether the movant has shown (1) they are likely to succeed on the merits of their claim; (2) they are likely to suffer irreparable harm absent the preliminary injunction; (3) the balance of equities tips in their favor and (4) injunctive relief is in the public interest. *Baird v. Bonta*, 81 F4th 1036, 1040 (9th Cir. 2023). The first factor "is a threshold inquiry and is the most important factor." *Env't Prot. Info. Ctr. v. Carlson*, 968 F.3d 985, 989 (9th Cir. 2020). Thus, a "court need not consider the other factors" if a movant fails to show a likelihood of success on the merits. *Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017).

### Legal Framework

Section 1983 requires a claimant to prove that (1) a person acting under color of state law (2) committed an act that deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *Leer v. Murphy*, 844 F.2d 628, 632–33 (9th Cir. 1988). A person deprives another "of a constitutional right, within the meaning of Section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Redman v. Cnty. of San Diego,* 942 F.2d 1435, 1439 (9th Cir. 1991) (en banc) (brackets in the original), *abrogated in part on other grounds by Farmer v. Brennan*, 511 U.S. 825 (1994).

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER / PRELIMINARY INJUNCTION; DISMISSING ACTION ~ 3**

A complaint must set forth the specific facts upon which the plaintiff relies in claiming the liability of each defendant. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Even a liberal interpretation of a civil rights complaint may not supply essential elements of a claim that the plaintiff failed to plead. Id. To establish liability pursuant to Section 1983, the plaintiff must set forth facts demonstrating how each defendant caused or personally participated in causing a deprivation of the plaintiff's protected rights. *Arnold v. Int'l Bus. Machines Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

## Analysis

Plaintiff cannot meet the threshold requirement of showing that she is likely to succeed on the merits of her claims.

First, it is well-established that judges are absolutely immune from civil liability for damages for their judicial acts. *See Mullis v. U.S. Bankr. Ct. for the Dist. Of Nev.*, 828 F.2d 1385, 1388-94 (9th Cir. 1987). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (quotation omitted).

Second, Plaintiff has named Pend Oreille County as a Defendant. A government entity, like Pend Oreille County, cannot be held vicariously liable for the actions of its employees under § 1983 unless a plaintiff can show that the entity's policy, practice, or custom was the moving force behind the constitutional violation. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). Plaintiff

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER / PRELIMINARY INJUNCTION; DISMISSING ACTION ~ 4**

has not alleged sufficient facts to support a *Monell*-type claim.

Third, Plaintiff cannot bring a § 1983 action against Defendant Butler because it is clear he is not a state actor. *See Brunette v. Humane Soc'y of Ventura Cnty.*, 294 F.3d 1205, 1210 (9th Cir. 2002).

Because Plaintiff cannot show that she is likely to succeed on the merits of her claims, her request for a temporary restraining order/ preliminary injunction is denied.

## 2. 28 U.S.C. § 1915 Review

When an individual seeks to proceed in forma pauperis, the Court is required to review the complaint and dismiss such complaint, or portions of the complaint, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *Wong v. Bell*, 642 F.2d 359, 361-2 (9th Cir. 1981). A plaintiff's claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

When reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, a court takes the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). On the other hand, mere legal conclusions, "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri*, 901 F.2d at 699.

## Analysis

Here, Plaintiff's complaint is subject to dismissal under § 1915(e)(2). Plaintiff is seeking monetary relief from defendants who are immune from such

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER / PRELIMINARY INJUNCTION; DISMISSING ACTION ~ 5**

relief. *See Mullis*, 828 F.2d at 1388. Additionally, Plaintiff cannot bring claims for constitutional violations against a non-state actor, s*ee Brunette*, 294 F.3d at 1210, and the Court declines to exercise supplemental jurisdiction over any state law claims being asserted against Mr. Butler. *See United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 726 (1966) (cautioning federal courts on exercising jurisdiction over state law claims if federal claims are dismissed). Plaintiff has not alleged sufficient facts to state a claim for *Monell* liability against the Pend Oreille County.

Finally, the Court's subject matter jurisdiction to hear this matter pursuant to the *Rooker-Feldman* doctrine[1] is questionable. Under the *Rooker-Feldman* doctrine, a federal court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court. *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). As the Ninth Circuit explained:

> In its routine application, the Rooker–Feldman doctrine is exceedingly easy. A party disappointed by a decision of a state court may seek reversal of that decision by appealing to a higher state court. A party disappointed by a decision of the highest state court in which a decision may be had may seek reversal of that decision by appealing to the United States Supreme Court. In neither case may the disappointed party appeal to a federal district court, even if a federal question is present or if there is diversity of citizenship between the parties. *Rooker–Feldman* becomes difficult—and, in practical reality, only comes into play as a contested issue—when a disappointed party seeks to take not a formal direct appeal, but rather its de facto equivalent, to a federal district court.

*Id.*

In reviewing the Complaint, it appears that Plaintiff is attempting to appeal a decision by the lower state courts. This Court does not have jurisdiction to hear

---

[1] The *Rooker–Feldman* doctrine takes its name from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER / PRELIMINARY INJUNCTION; DISMISSING ACTION ~ 6**

such an appeal. If Plaintiff is unhappy with the decision of the lower state courts, she can appeal those decisions to the Washington state appellate courts, or the United States Supreme Court.

### 3. Leave to Amend

Under Fed. R. Civ. P. 15(a), a court should freely give leave to amend when justice so requires, either with the court's leave or as a matter of course. Unless it is absolutely clear that amendment would be futile, a *pro se* litigant must be given the opportunity to amend his complaint to correct any deficiencies. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011).

Although it appears that an amendment would be futile, given that Plaintiff seeks to sue individuals who are immune from suit, the Court will grant Plaintiff leave to file an amended complaint to cure the deficiencies set forth above.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction, ECF No. 4, is **DENIED**.

2. Pursuant to 28 U.S.C. § 1915(e)(2), Plaintiff's Complaint, ECF No. 1, is **DISMISSED without prejudice**.

3. Plaintiff is granted leave to file a Second Amended Complaint **within thirty (30) days from the date of this Order**. The Second Amended Complaint shall consist of a short and plain statement showing she is entitled to relief. Plaintiff shall allege with specificity the following:

(1) the names of the persons who caused or personally participated in causing the alleged deprivation of her constitutional rights,

(2) the dates on which the conduct of each Defendant allegedly took place, and

(3) the specific conduct or action that Plaintiff alleges is unconstitutional.

The Second Amended Complaint will operate as a complete substitute for (rather than a mere supplement to) the present complaint.
**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER / PRELIMINARY INJUNCTION; DISMISSING ACTION ~ 7**

**Failure to file a timely Second Amended Complaint will result in dismissal of this action.**

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order, and provide copies to *pro se* Plaintiff.

**DATED** this 18th day of June 2025.



Stan Bastian
Chief United States District Judge

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER / PRELIMINARY INJUNCTION; DISMISSING ACTION ~ 8**